UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM DIXON, | ) | CASE NO. 1:19 CV 502 |
| | ) | |
| Relator, | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| vs. | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| SANDY OPACICH, U.S.D.C. Clerk, | ) | |
| | ) | |
| Respondent. | ) | |

*Pro se* Relator William Dixon filed this action for a writ of mandamus in the Supreme Court of Ohio against Respondent Sandy Opacich, Clerk of the United States District Court of the Northern District of Ohio. (Doc. #: 1-1, 1-2). Pursuant to 28 U.S.C. § 1442(a), Respondent removed the mandamus action to the United States District Court for the Southern District of Ohio. (Doc. #: 1). The Southern District granted Respondent's motion to transfer the action to the Northern District of Ohio. (Doc. #: 7).

For the reasons that follow, this action is dismissed.

**A. Background**

Relator's mandamus action pertains to a pending case in the Western Division of the Northern District of Ohio, Case No. 3:17 CV 1476 ("Western Division Case"). In that case, Dixon, an inmate at the Toledo Correctional Institution in Toledo, Ohio, sued the warden and others pursuant to 42 U.S.C. § 1983 for the alleged violation of his civil rights. Dixon sought to

file a motion for injunctive relief in the Western Division Case, and to obtain copies of documents filed in that case. Respondent declined to file the motion for injunctive relief because the district court in the Western Division Case issued an order restricting Dixon from filing additional documents without leave ("Order"),[1] and declined to provide Dixon copies of documents filed in that case without advance payment. (*See* Doc. #: 1-2 at 3, 15).

Before the Order restricting filing was entered, Dixon filed a petition in the United States Sixth Circuit Court of Appeals for a writ of mandamus directing the district court to provide him with copies of documents in the Western Division Case and complaining that the district court had not issued a substantive ruling. (*See* Western Division Case Doc. #: 33, 34). The Sixth Circuit denied the writ and Dixon's petition for rehearing and noted that, given Dixon's prolific filings in the Western Division Case, it could not be said that the district court unduly delayed in addressing his claims. (*Id.*).

Having failed to obtain a writ of mandamus from the Sixth Circuit, Dixon filed the now removed action in the Ohio Supreme Court, seeking a writ directing the Respondent to file his motion for injunctive relief, and to provide him with copies of documents, in the Western Division Case. (*See* Doc. #: 1-2 at 4).

B. Analysis

Federal courts are courts of limited jurisdiction and, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). "[D]efects in subject matter jurisdiction cannot be waived by the parties and may be

---

[1] The district court in the Western Division Case issued an order denying without prejudice 23 pending motions and ordering that no further pleadings or motions will be accepted without leave. (Western Division Case Doc. #: 36).

addressed by a court on its own motion at any stage of the proceedings." *Owens v. Brock*, 860 F.2d 1363, 1367 (6th Cir. 1988) (citing Fed. R. Civ. P. 12(h)(3)); *Curry v. U.S. Bulk Transp., Inc.*, 462 F.3d 536, 539 (6th Cir. 2006) (same) (citing *Owens*, 860 F.2d at 1367).

The Court lacks subject matter jurisdiction over this removed mandamus action pursuant to the doctrine of derivative jurisdiction. Under that doctrine, when a case is removed from state court to a federal court pursuant to § 1442(a), as it was here, the federal court's jurisdiction is merely derivative of the state court's jurisdiction.[2] Therefore, if the state court where the action was originally filed lacks subject matter jurisdiction, the federal court also lacks jurisdiction over the removed action. *See Harris v. Fed. Bureau of Investigation*, No. 2:16-CV-30, 2016 WL 4764897, at *2 (S.D. Ohio Sept. 13, 2016) ("The derivative jurisdiction doctrine holds that if the state court where an action is filed lacks subject matter jurisdiction, the federal court, upon removal, also lacks subject matter jurisdiction.") (citing among authority *Minnesota v. United*

---

[2] In 1985, Congress amended 28 U.S.C. § 1441 by adding former 28 U.S.C. § 1441(e), which abolished the doctrine of derivative jurisdiction for "civil actions" commenced in state court after June 19, 1986. The Sixth Circuit construed § 1441(e) as also abolishing derivative jurisdiction for actions removed pursuant to § 1442(a). *See Carpenter v. Dalrymple*, 894 F.2d 407 (Table) (1990). But in 2002, Congress redesignated § 1441(e) as § 1441(f), and amended the provision to read (emphasis added): "The court to which a civil action is removed *under this section* is not precluded from hearing and determining any claim in such civil action because the State court from which such civil action is removed did not have jurisdiction over that claim." Since this language was enacted, "courts have held that the derivative jurisdiction doctrine still applies to cases removed by the federal government or federal officers pursuant to § 1442(a)." *State of Ohio ex rel. Bristow v. Director, Federal Bureau of Prisons*, No. 2:13-cv-614, 2013 WL 5408440, at *2 (S.D. Ohio Sept. 25, 2013) (citing *Rodas v. Seidlin*, 656 F.3d 610, 618 (7th Cir. 2011) and *Palmer v. City Nat'l Bank of W. Virginia*, 498 F.3d 236, 245-46 (4th Cir. 2007)); *see also Zeune v. Bender*, No. 2:12-CV-448, 2013 WL 1189856, at *2 n.1 (S.D. Ohio Mar. 22, 2013) ("The weight of authority holds that the derivative jurisdiction doctrine remains applicable to removals under 28 U.S.C. § 1442.") (collecting cases); *Merritt v. Attorney Gen'l of the United States*, No. 3:14 CV 954, 2014 WL 2803484, at *1 (N.D. Ohio June 19, 2014) (citing *Graber v. Astrue*, No. 2:07-cv-1254, 2009 WL 728564, at *2 (S.D. Ohio Mar. 17, 2009) (language of § 1441(f) does not reach cases removed under § 1442)).

*States*, 305 U.S. 382, 389 (1939)); *Merritt v. Attorney Gen'l of the United States,* No. 3:14 CV 954, 2014 WL 2803484, at *1 (N.D. Ohio June 19, 2014) (same) (citing *Graber v. Astrue*, No. 2:07-cv-1254, 2009 WL 728564, at *1 (S.D. Ohio Mar. 17, 2009)); *State of Ohio ex rel. Bristow v. Director, Federal Bureau of Prisons*, No. 2:13-cv-614, 2013 WL 5408440, at *1-2 (S.D. Ohio Sept. 25, 2013) (same) (citations omitted).

Respondent, Clerk of the United States District Court of the Northern District of Ohio, is a federal officer. *See Ohio ex re. Griffin v. Smith*, No. 2:06-cv-1022, 2007 WL 1114252, at *1 (S.D. Ohio Apr. 12, 2007) (Geri Smith, sued in her official capacity as Clerk, U.S. District Court, is a federal officer.). "A state court does not have jurisdiction to issue a writ of mandamus to a federal officer." *Id.* (Ohio Supreme Court lacks authority to issue a writ of mandamus against district court Clerk) (citing *M'Clung v. Silliman*, 19 U.S. 598 603 (1821)); *Bristow*, 2013 WL 5408440, at *2 (Ohio Fifth District Court of Appeals lacks authority to entertain a petition for a writ of mandamus against respondent federal official) (citing *M'Clung*).

Respondent removed this mandamus action from the Ohio Supreme Court to federal court pursuant to 28 U.S.C. § 1442(a). Because this case was removed pursuant to § 1442(a), this Court's subject matter jurisdiction is entirely derivative of the Ohio Supreme Court's jurisdiction. The Ohio Supreme Court lacks jurisdiction over the mandamus petition, thus, this Court also lacks subject matter jurisdiction over the removed case. In the absence of subject matter jurisdiction, the Court must dismiss this action pursuant to Fed. R. Civ. P. 12(h)(3). *See Griffin*, 2007 WL 1114252, at *1-2 (dismissing for lack of jurisdiction mandamus action against federal district court Clerk removed from the Ohio Supreme Court pursuant to § 1442).

### C. Conclusion

For all of the foregoing reasons, this action is dismissed pursuant Fed. R. Civ. P. 12(h)(3) for lack of subject matter jurisdiction. Dixon's motion for leave to proceed in forma pauperis (Doc. #: 3), and motion for leave to file a motion for injunctive relief (Doc. #: 4), are terminated.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[3]

**IT IS SO ORDERED.**

**DAN AARON POLSTER
UNITED STATES DISTRICT JUDGE**

---

[3] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.

-5-